United States Bankruptcy Court
Middle District of Pennsylvania

In re:  
Frances Marie Canderozzi  
    Debtor

Case No. 19-01430-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5     User: AutoDocke     Page 1 of 2  
Date Rcvd: May 28, 2021     Form ID: 3180W     Total Noticed: 19

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 30, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Frances Marie Canderozzi, 8 Canterbury Main, East Stroudsburg, PA 18301-8453 |
| 5194943 | + | Chase Bank USA, N.A., c/o Robertson, Anschutz & Schneid, P.L., 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487-2853 |
| 5182513 | | Laboratory Corp of America, P.O. Box 2240, Burlington, NC 27216-2240 |
| 5182516 | + | MRS BPO, LLC, 1930 Oley Ave, Cherry Hill, NJ 08003-2016 |
| 5182514 | + | Medical Imaging of Lehigh Valley, 2 Meridian Blvd, 3rd Floor, Wyomissing, PA 19610-3202 |
| 5182515 | + | Mountain Valley Orthopedics, P.O. Box 14123, Belfast, ME 04915-4032 |
| 5182517 | + | Pocono Medical Center, 206 East Brown Street, East Stroudsburg, PA 18301-3094 |
| 5182518 | | Pocono Medical Center, P.O. Box 822009, Philadelphia, PA 19182-2009 |
| 5182519 | | Progressive Physician Assoc., P.O. Box 678398, Dallas, TX 75267-8398 |
| 5193970 | + | Quicken Loans Inc., 635 Woodward Avenue, Detroit, MI 48266-0001 |
| 5182521 | + | St Lukes University Health Network, PO Box 788187, Philadelphia, PA 19178-8187 |
| 5182522 | | Trans-Continental Credit & Collect, P.O. Box 5055, White Plains, NY 10602-5055 |
| 5182523 | + | Transworld Systems Inc, PO Box 17221, Wilmington, DE 19850-7221 |
| 5182524 | + | Weltman Weinberg & Reis Co., L.P.A., 170 S. Independence Mall W., Suite 874W, Philadelphia, PA 19106-3334 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5182512 | | EDI: DISCOVER.COM | May 28 2021 22:58:00 | Discover Fincl Svc LLC, P.O. Box 15316, Wilmington, DE 19850-5316 |
| 5185052 | | EDI: DISCOVER.COM | May 28 2021 22:58:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 5182511 | | EDI: JPMORGANCHASE | May 28 2021 22:58:00 | Chase Card, PO Box 15298, Wilmington, DE 19850 |
| 5184970 | | EDI: PENNDEPTREV | May 28 2021 22:58:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |
| 5184970 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | May 28 2021 19:12:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, PA 17128-0946 |
| 5182520 | + | Email/Text: bankruptcyteam@quickenloans.com | May 28 2021 19:13:00 | Quicken Loans, 1050 Woodward Avenue, Detroit, MI 48226-3573 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 30, 2021         Signature:        /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 28, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| James Warmbrodt | on behalf of Creditor Quicken Loans Inc. bkgroup@kmllawgroup.com |
| Rebecca Ann Solarz | on behalf of Creditor Quicken Loans Inc. bkgroup@kmllawgroup.com |
| Timothy B. Fisher, II | on behalf of Debtor 1 Frances Marie Canderozzi donna.kau@pocono-lawyers.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Frances Marie Canderozzi<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–0246<br>EIN   __–_____ |
| Debtor 2<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   ____<br>EIN   __–_____ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:19–bk–01430–HWV | |

# Order of Discharge 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Frances Marie Canderozzi

**By the court:** *(signed)*

5/28/21

Honorable Henry W. Van Eck
Chief Bankruptcy Judge
By: PamelaRadginski, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**